UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
TENNESSEE AT NASHVILLE

RECEIVED
IN CLERK'S OFFICE
AUG 0 7 2017
U.S. DISTRICT COURT
MID. DIST. TENN.

| | |
|---|---|
| JAMES C. WHITWORTH, | ) |
| Plaintiff. | ) |
| v. | ) Civil Action No. _____ |
| CORECIVIC, INC f/k/a CORRECTIONS CORPORATION OF AMERICA, CORRECT CARE SOLUTIONS, LLC | ) "JURY DEMAND" |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
FILED PURSUANT TO 42 U.S.C. § 1983**

### PARTIES TO THIS COMPLAINT

1. Pro Se Plaintiff, James C. Whitworth, TDOC inmate #538441, currently housed at a facility managed by Defendant CoreCivic, Inc, South Central Correctional Center(SCCF), 555 Forest Ave., Clifton, TN 38425. He is a former inmate in Defendant CoreCivic's facility in Trousdale County, Tennessee.

2. The Defendant CoreCivic,Inc f/k/a Corrections Corporation of America (CCA), is a limited liability company organized under the laws of the State of Tennessee, with its principle place of business located at 10 Burton Hills Blvd., Nashville, TN 37215. The Defendant CoreCivic owns and operates Trousdale-Turner Correctional Center and manages South Central Correctional Center, both facilities house prisoners sentenced to confinement in the Tennessee Department of Correction. As such, CCA performs a public function traditionally reserved to the state and is therefore subject to suit under 42 U.S.C. § 1983.

1

3. The Defendant Correct Care Solutions, LLC., is a limited liability company organized under the laws of the State of Tennessee with its principle place of business located at 1283 Murfreesboro Rd., Suite 500, Nashville TN 37217. The Defendant Correct Care Solutions (CCS) is contracted to provide full time medical services at Trousdale-Turner Correctional Center and South Central Correctional Center to prisoners sentenced to confinement in the Tennessee Department of Correction. As such, CCS performs a function traditionally reserved to the state and is therefore subject to suit under 42 U.S.C. § 1983.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. § 1983 seeking to redress a deprivation of the Plaintiff's rights by the Defendants acting under color of law, rights which are secured by the Eighth Amendment to the United States Constitution.

5. This complaint concerns the violation of civil rights, and this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

6. All of the claims alleged in this complaint occurred in the Middle District of Tennessee, and therefore venue is proper pursuant to 28 U.S.C. § 1391.

## PREVIOUS COMPLAINTS

7. The Plaintiff, James C. Whitworth, has no previous or pending civil complaints in federal or state court.

## EXHAUSTION

8. The facts of this complaint are related to the Plaintiff's current confinement in the Tennessee Department of Correction(TDOC).

9. During his confinement, the Plaintiff made numerous attempts to use the grievance system to address the continuous denial of medical treatment. The building the Plaintiff was housed in, "D" building, had no place, such as a mailbox, designated to submit a grievance.

2

10. Plaintiff made numerous request with the officers to take the grievance to the chow hall and deposit in the designated "grievance box". The officers only stated that they weren't allowed to take the grievances for inmates and the inmates would have to take them when they went to chow. Inmates were rarely allowed to go to the chow hall in 2016. At one point inmates kept a record and only 3 of 121 meals were served at the chow hall. This made it impossible to file a grievance.

11. On the rare occasion that a grievance could be filed in the "grievance box" a response was never received.

12. The Plaintiff was told by other inmates that some staff had been seen putting a lot of grievances in the trash due to the high number submitted.

13. Between October and November of 2016, Plaintiff was moved to the "W" building to a minimum security dorm. Early in 2017 a "grievance box" was installed in the hallway of "W" building. The Plaintiff immediately began submitting grievances for his medical needs, only to find out that the grievance department did not have a key to the box and went for several weeks without a key to retrieve the grievances. No notice was ever posted on the box notifying inmates not to use the box. The box was clearly labeled "Grievance".

14. Plaintiff Whitworth was eventually able to file a grievance, dated April 14, 2017, and received a response on May 11, 2017. The response was appealed through all 3 tiers per policy and exhausted all administrative remedies pursuant to the Prison Litigation Reform Act 42 U.S.C. § 1997e(a) (PLRA).

## STATEMENT OF FACTS

15. Plaintiff James C. Whitworth is a TDOC inmate.

16. The Plaintiff was housed at TTCC from April 28th, 2016 to May 24th, 2017. TTCC is located at 140 Macon Way, Hartsville, TN 37074. TTCC is owned and operated by Defendant CoreCivic, Inc.

17. Defendant CoreCivic, Inc. contracts defendant CCS to provide medical services at TTCC.

18. Between April 28th 2016 and August 2016 the Plaintiff made numerous attempts to consult with

the medical staff regarding the need for after care of a previous spine injury that had resulted in surgery to fuse the C5 and C6 vertebrae together from a ruptured disc. Also to obtain appropriate preventative care due to the risk of another injury.

19. Plaintiff explained on the "sick calls" that there was a high risk of another injury if proper care was not exercised. These medical needs could easily be confirmed upon inspection of Plaintiff 's TDOC medical file, which contains medical records from Williamson Medical Center, Vanderbilt Bone and Joint Clinic, and X-rays and documentation from Northwest Correctional Complex(NWCX).

20. Most of the "sick calls" the Plaintiff submitted were never answered.

21. Between August and September 2016 the Plaintiff sustained a severe injury to his spine. Due to the lack of preventative medical treatment.

22. Plaintiff continued to submit "sick calls" when, on rare occasion, he had access to the "sick call" box.

23. In September of 2016 the Plaintiff, experiencing tremendous pain, shortness of breath, and breaking out in a rash due to the continuous stress of chronic pain, made a desperate attempt to get help by informing the pod officer that he needed an "emergency sick call". The officer called the clinic and they told the officer to inform the Plaintiff he would have to wait for a while. Three hours later at six o'clock pm the plaintiff was escorted to the clinic due to the facility being on lock down. Upon arriving at the clinic there were two other inmates locked in the waiting area. They stated that they had been there for hours and had not been seen. Through the door the Plaintiff could see the on call nurse sitting behind the counter eating snacks. Plaintiff continuously reminded the nurse that he was there for an emergency sick call and desperately needed help. The nurse responded by saying "the more you ask the longer I will wait". The nurse would only leave the desk to make her rounds to the rear of the clinic and then come back. Eventually Plaintiff Whitworth could not endure the excruciating pain any longer, due to sitting on the steel benches for six hours and being emotionally distressed over the refusal medical

4

attention, and asked to please be allowed to return to his pod so he could lay down on his bunk. The on call nurse and officer released him back to pod without evaluation. The time was twelve o'clock AM.

24. Between October 2016 and May 24th 2017 Plaintiff was called to the clinic numerous times to see an on duty nurse. During each visit Plaintiff would express great concern and fear due to the extreme symptoms and chronic pain that was progressively worsening. These symptoms include but are not limited to chronic neck pain radiating through right shoulder and down right arm, stiff neck, dizziness, restricted breathing, numbness in hands and feet, tingling lower legs, progressively worsening bowel and urinary issues, lower back pain, head aches, loss of balance. These symptoms have also contributed to high anxiety and sleepless nights for almost the past year.

25. At no time did any of the nurses do a physical examination of the Plaintiff. The visit would consist of verbal communication, Plaintiff pointing out the medical history on file, Plaintiff pleading for medical attention and fear if irreversible injury.

26. Each nurse would agree that Plaintiff should be referred to the nurse practitioner for referral to specialist. This call never came. This is the clear policy and custom of the Defendants to ignore the inmates serious medical needs..

27. On one occasion on 3-13-2017 while Plaintiff Whitworth was explaining to a nurse the need for medical attention, Nurse Practitioner Ruckman walked up to the counter. The RN asked NP Ruckman to review Plaintiff's file due to the serious condition of the complaint and the difficulty the petitioner had getting help. Upon examination of the file by NP Ruckman, she immediately stated that Plaintiff Whitworth had a history of spine problems and needed to be referred to original surgeon, Dr. Michael McNimara at Vanderbilt Bone and Joint Clinic, for evaluation and treatment. NP Ruckman stated that other neurologist usually wouldn't work on another doctors patient when it come to spinal injuries.

28. Plaintiff never received the follow up call and began resubmitting "sick calls". The only answer he would get from the medical and security staff was that "It just takes time". Again, many of the sick

5

calls were never answered.

29. Plaintiff filed a grievance explaining the severe debilitating, and painful nature of the injuries to only get a response from defendant Cynthia Pratt RN/HSA recommending to submit more "sick calls" and again ignoring the recommendations of Nurse Practitioner Ruckman.

30. Between the dates of April 28th 2016 and May 24th 2017 the defendants made submitting "sick call request" unavailable to the Plaintiff on many different occasions, some exceeding 3 weeks.

31. Early in 2017 the nursing staff nor the grievance department had keys to the "sick call" box or "grievance" box and made no attempt to post a sign or put up a memo warning inmates not to use those boxes. When the Plaintiff asked a nurse during med call why haven't the sick calls been answered from "W" building she responded by laughing and saying "we haven't ever had keys to that box".

32. Between the dates of April 28th 2016 and May 24th 2017 numerous sick calls went unanswered or were canceled. When asked why don't the sick calls get rescheduled when they are canceled due to lock-down, the officer in the clinic responded by saying "that's just the way they do things here."

33. On May 24th 2017 the Plaintiff was transferred to SCCF which is operated by defendant CoreCivic, Inc. Defendant CoreCivic, Inc. contracts defendant CCS to provide medical services at SCCF.

34. The Plaintiff Whitworth has reported these issues to the clinic at SCCF upon intake and via "sick call request". The only action was an on site x-ray and the nurse practitioner at SCCF promising medical attention.

35. The Plaintiff Whitworth continues to suffer from the chronic pain, deteriorating health and many other progressively worsening symptoms, along with the mental anguish and anxiety from these symptoms and the fear of life threatening serious medical needs or permanent injury.

36. The defendants have shown and continue to show deliberate indifference to the serious medical needs of the Plaintiff Whitworth. Which constitute cruel and unusual punishment.

## CAUSES OF ACTION

37. The Defendant CoreCivic, Inc is a private entity that contracts to perform traditional state functions of operating a prison, and the Defendant's employees perform governmental functions. The Defendants' officials therefore acted under color of state law.

38. The Defendant Correct Care Solutions, LLC is a private entity that contracts to perform traditional state functions of operating a prison, and the Defendant's employees perform governmental functions. The Defendant's officials therefore acted under color of state law.

39. The Defendants official policies and customs of ignoring and/or substantially delaying requests for medical treatment caused the violation of the Plaintiff's Constitutionally protected rights.

40. Plaintiff's spinal injury, made obvious by major symptoms along with prior medical records, constitutes a sufficiently serious medical need for treatment. Plaintiff has been confined and continues to be confined under conditions posing a substantial risk of serious irreparable physical and psychological harm.

41. Numerous grievances and requests for medical attention have been filed by the Plaintiff and all of which have been ignored. The officials know of a substantial risk of harm to the Plaintiff and continue to fail to act.

42. Despite the numerous attempts and pleas for medical assistance, the Defendants have not had the Plaintiff examined by a medical professional even after a recommendation by a Nurse Practitioner for the Plaintiff to see a neurologist.

43. Prison officials, including the Warden, Assistant Wardens, the Correctional Officers, nursing staff, and Heath Services Administrator all had knowledge of the inability to get necessary medical treatment. The officials had and still have knowledge of the Plaintiff's asserted serious needs, and are aware of the circumstances indicating the existence of such needs, or subjectively perceived a risk of

harm, but then have continued to disregard it by failing to take reasonable measures to abate it.

44. On one occasion the Nurse Practitioner reviewed the Plaintiff's medical file and immediately said "you have had a lot of problems with your neck. I'm going to refer you to your original doctor." This was on March 13, 2017. Presently the Plaintiff has not been sent to a doctor. The Defendants have clearly disregarded a recommendation by a health professional and continue to do so.

45. Defendants violated Plaintiff Eighth Amendment Right by showing deliberate indifference by recklessly disregarding substantial risk of serious injury and by recklessly ignoring the need for medical attention after injury.

46. The pattern and practice of ignoring all inmate complaints is the product of the policies and customs of the defendants. The Defendants have established a clear policy and custom of inadequate medical care, ignoring medical request, and ignoring grievances since the opening of TTCC in January 2016.

47. The prolonged deprivation of medical treatment is serious and addresses the specific, basic human need for medical treatment and access to medical treatment. The deprivation to Plaintiff is sufficiently severe to constitute inhumane prison conditions.

48. As a result of the Defendants' actions, Plaintiff has been and continues to be deprived of fundamental rights guaranteed by the United States Constitution. Including the right to adequate medical care for his serious medical needs while in the custody of the state. The Defendants' actions described herein violated and continues to violate the Eighth Amendment's prohibition against cruel and unusual punishment, and the Fourteenth Amendment's guarantee of substantive due process.

49. As a direct and foreseeable result of the Defendants' violations of the Plaintiff's rights, Plaintiff has suffered and will continue to suffer irreversible physical injury.

8

Case 3:17-cv-01121   Document 1   Filed 08/07/17   Page 8 of 15 PageID #: 8

## INJUNCTIVE RELIEF

50. The Plaintiff is incarcerated and the Preliminary Injunction sought herein is his only means of securing adequate relief.

51. The Plaintiff is now suffering, and will continue to suffer, irreparable injury from the Defendants' unlawful conduct as set forth herein, unless enjoined by this court.

52. The Plaintiff seeks a Preliminary Injunction enjoining the Defendants, its agents, employees, and all those acting in concert with the Defendants under color of state law, from continuing to violate the Eighth and Fourteenth Amendments of the United States Constitution and to immediately provide medical care for his serious medical needs by taking him to be evaluated and treated by his previous neurologist at Vanderbilt Bone and Joint clinic as made necessary by symtoms, medical records, and recommendations of the Nurse Practitioner.

53. The Plaintiff seeks a permanent injunction requiring the Defendants to provide adequate aftercare that may be prescribed by the Plaintiff's doctor and to provide adequate medical care to any future serious medical need while he is in the custody of the Defendants.

## DAMAGES

54. Plaintiff, James C. Whitworth, brings this suit for all damages recoverable by law including, without limitation, damages for personal injury, for pain and suffering caused in the past and future, for mental anguish, for loss of enjoyment of life past and future, for lost wages, for impairment of the Plaintiff's capacity to earn income, and for all medical expenses which are reasonable and necessary by the acts and omissions of the Defendants.

55. Because of the reckless and intentional conduct of the defendants, Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

1. That process issue to the Defendant to plead or respond in the time provided by law;

2. That the court upon final hearing declare and find that the Defendants were deliberately indifferent to the health and safety of the Plaintiff;

3. That the court enter a permanent injunction requiring the Defendants to provide adequate medical care for the Plaintiff by taking him to Dr. Michael McNimara, or if unavailable an equivalent specialist, as recommended by Nurse Practitioner Ruckman, and refrain from cruel and unusual punishment as guaranteed by the United States Constitution;

4. That the Defendant's be held responsible for all damages, harms, and losses, and that the Court award a judgment against the Defendants and in favor of the Plaintiff for compensatory and punitive damages in the amount of SEVEN MILLION DOLLARS AND NO/100 CENTS ($7,000,000.00);

5. That this court find that the policies, practices, procedures, conditions and customs of the Defendants are in violation of the rights of the Plaintiff as secured by the Eighth and Fourteenth Amendments of the United States Constitution;

6. That the Plaintiff be awarded the costs of bringing this suit, including applicable fees and litigation expenses pursuant to 42 U.S.C. § 1988 and applicable law;

7. That the Plaintiff be awarded such general relief to which he may be entitled, at law or in equity;

8. Plaintiff demands a trial of all issues by jury.

Respectfully submitted,

/s/ James C. Whitworth

James C. Whitworth  I/M# 538441
SCCF
555 Forest Ave
P.O. Box 279
Clifton, TN 38425

## CERTIFICATION

I certify under the penalty of perjury that the foregoing complaint is true to the best of my information, knowledge and belief. On this 2nd day of August, 2017.

*[signature]*

James C. Whitworth
TDOC # 538441
SCCF
555 Forest Ave.
P.O. Box 279
Clifton, TN 38425

## Addresses to parties for services to the best of my knowledge

**Defendant** CoreCivic, Inc:

principle place of business:   CoreCivic, Inc
                                            10 Burton Hills Blvd
                                            Nashville, TN 37215

**Defendant** Correct Care Solutions:

principle place of business:   Correct Care Solutions, LLC
                                            1283 Murfreesboro Rd., Suite 500
                                            Nashville TN 37217

Plaintiff hereby requests service by District Court Clerks office.

*/s/ James C. Whitworth*
James C. Whitworth
TDOC # 538441
SCCF
555 Forest Ave.
P.O. Box 279
Clifton, TN 38425

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
James C. Whitworth

**(b)** County of Residence of First Listed Plaintiff Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

**DEFENDANTS**
CoreCivic, Inc., Correct Care Solutions, LLC

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 U.S.C. §1983
Brief description of cause: Deliberate Indifference to serious medical needs

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 7,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE ______ DOCKET NUMBER ______

DATE 8-2-2017
SIGNATURE OF ATTORNEY OF RECORD [signature] Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

Print Save As... Reset

July 17, 2017

Court Clerk
United States District Court
for the Middle District of Tennessee
801 Broadway, Room 800
Nashville, TN 37203
(615) 736-5498

Dear sir or madam,

I am a pro se state inmate. My wife contacted your office and it is our understanding that when I submit the enclosed complaint, appropriate copies of complaint, forma pauperus form, and cover sheet, that your office will create the summons for each defendant and have them served on each defendant. This is my request to have the summons served by your office.

I have a questions I hope you can help with:

 1. If there is a court date set that I must attend, will your office automatically request transport or is that something I have to request?
 2. I need a copy of my TDOC medical records. Per TDOC policy an inmate can only get a copy of the records with a court order or if they are related to civil complaint. Can you send me a subpoena to fill out and return to you? Also it is my understanding that I need to send notice to the other parties of the complaint that I am requesting the documents from TDOC. Is that correct?
 3. How do inmates conduct depositions and other examinations on parties and non parties?
 4. I have enclosed an extra copy of the complaint. Can you please stamp and return a copy to me?

Sincerely,

James C. Whitworth
TDOC #538441
SCCF
555 Forest Ave.
P.O. Box 279
Clifton, TN 38425

James Whitworth #538441
SCCF
P.O. Box 279
Clifton, TN 38425



RECEIVED
IN CLERK'S OFFICE
AUG 0 7 2017
U.S. DISTRICT COURT
MID. DIST. TENN.

Legal Mail
Please Log
8-2-17

Court Clerk
United States District Court
for the Middle District of Tennessee
801 Broadway, Room 800
Nashville, TN 37203