UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES C. WHITWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-cv-01121 |
| ) | Judge Trauger |
| CORECIVIC, INC., formerly known as ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## M E M O R A N D U M   A N D   O R D E R

The Court is in receipt of a *pro se* prisoner complaint (Docket Entry No. 1) brought pursuant to 42 U.S.C. § 1983, and an application (Docket Entry No. 2) to proceed in forma pauperis.

The plaintiff is an inmate at the South Central Correctional Center in Clifton, Tennessee. It appears from his application that he lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application is **GRANTED.** The Clerk shall file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

The plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

  (a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

1

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

From April, 2016 to the present, the plaintiff has been confined at the Trousdale Turner Correctional Center (TTCC)(4/28/16 - 5/24/17) and the South Central Correctional Center (SCCC)(5/24/17 - present). The defendant, CoreCivic, Inc., owns and operates TTCC and manages SCCC. The remaining defendant, Correct Care Solutions, is under contract to provide medical services for both facilities.

The plaintiff suffered an injury to his spine that required surgery. Docket Entry No. 1 at 4. While at TTCC, he submitted several sick call requests, hoping to obtain some post-operative "preventive care" for his spine. *Id.* Most of these requests were never even answered. *Id.* In August, 2016, the plaintiff suffered a second severe injury to his spine "due to the lack of preventive medical treatment." *Id.*

The plaintiff was taken to the TTCC infirmary. There, he waited for several hours but medical assistance was not forthcoming. *Id.* at 4-5. The plaintiff was sent back to his cell so that he could lay down. *Id.* Plaintiff subsequently made several visits to the infirmary but his condition got progressively worse. *Id.* at 5. The nurses never conducted a physical examination of the plaintiff and he was denied the care of a doctor. *Id.*

The plaintiff was then transferred to SCCC. *Id.* at 6. While at his present place of confinement, the only medical attention he has received is an on-site x-ray. The plaintiff has been offered no other medical treatment. *Id.* The plaintiff alleges that the defendants have been deliberately indifferent to his serious medical needs in violation of his constitutional rights.

For liability under 42 U.S.C. § 1983 to attach, the plaintiff must show the deprivation of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). Both CoreCivic and Correct Care Solutions perform a traditional state function by operating prisons and providing services for state prisoners. These defendants, therefore, are acting under color of state law during the performance of those duties and are subject to suit under § 1983. Street v. Corrections Corporation of America, 102 F.3d 810, 814 (6th Cir. 1996).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). Unlike the state, CoreCivic and Correct Care Solutions are not entitled to Eleventh Amendment immunity and may be liable under § 1983 if their "official policies or customs resulted in injury to the plaintiff." O'Brien v. Mich. Dept. of Correction, 592 Fed. Appx. 338, 341 (6th Cir. 2014).

The plaintiff alleges that he was denied medical care for his spinal injury at both prisons. He claims that "the defendants' official policies and customs of ignoring and/or substantially delaying requests for medical treatment caused the violation of the plaintiff's constitutionally protected rights." Docket Entry No. 1 at 7. Because the defendants are responsible for the medical care of the prisoners at both prisons, one could infer that the alleged lack of medical care was attributable to a

policy or custom rather than an isolated incident of indifference. For that reason, the Court finds that the plaintiff has stated a colorable claim for § 1983 relief. 28 U.S.C. § 1915A.

Accordingly, the Clerk is instructed to send the plaintiff a service packet (a blank summons and USM 285 form) for each defendant. The plaintiff will complete the service packets and return them to the Clerk's Office within twenty one (21) days of the date of receipt of this order.

Upon return of the service packets, **PROCESS SHALL ISSUE** to the defendants. The plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court.

The Clerk is further directed to send a copy of this order to the Warden of the South Central Correctional Center to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so ORDERED.

ENTER this 22nd day of August 2017.

_____
Aleta A. Trauger
United States District Judge